576 P.2d 290

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Edward Vincent NICOLINI, Defendant-Appellee.**

**No. 11691.**

Supreme Court of New Mexico.

March 21, 1978.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, Ira Robin-

son, Dist. Atty., David C. Hughes, Jr. Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

John Bigelow, Chief Public Defender, Santa Fe, William D. Teel, Asst. Public Defender, Albuquerque, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

PAYNE, Justice.

Defendant was arrested pursuant to the Uniform Criminal Extradition Act[1] on a warrant issued from the State of Arizona. After a hearing, the trial court granted a writ of habeas corpus to the defendant thereby discharging him. The State appeals. We reverse.

On July 15, 1976, in a hearing before the District Court of Bernalillo County, the defendant was sentenced pursuant to a separate charge arising in New Mexico. At the sentencing, mention was made that charges were pending against defendant in Arizona, whereupon the district court purported to release the defendant on his recognizance from the Arizona charges and allowed the State of Arizona thirty days to perfect extradition. There were no indicia of jurisdiction in the New Mexico courts at that time. The record reflects only the statements of the assistant district attorney indicating the possibility of an Arizona warrant for his arrest.

One year later, Arizona applied for extradition pursuant to the Uniform Criminal Extradition Act. Defendant claimed that because Arizona failed to perfect extradition within thirty days of July 15, 1976, principles of fundamental fairness demanded that Arizona be precluded from extraditing him.

The trial court had no jurisdiction over the defendant pertaining to any Arizona matter in 1976. Under the Uniform Criminal Extradition Act, the district court does not obtain jurisdiction over the person until after an arrest has been made. § 41–19–10, N.M.S.A.1953 (Repl.1972). In the present case there was never an arrest. Any acts of the trial court were beyond its authority and did not preclude the subsequent statutory proceedings of which defendant complains. Defendant was not incarcerated nor held pursuant to any of the acts of the district court nor did he suffer any other prejudice by virtue of the ultra vires act of the district court. It is true that for more than one year he had the specter of criminal charges over his head, however this was created by the charges in Arizona and not by virtue of any act of the trial court in New Mexico. Upon appeal the defendant abandoned claims of res judicata and double jeopardy and relied solely upon the fundamental unfairness of the proceeding. We can find no unfairness. The defendant did not suffer any damage, harm, inconvenience or prejudice from the extra-jurisdictional actions of the trial court in 1976. We therefore reverse the trial court and order that the habeas corpus be dissolved in order that statutory proceedings for extradition may be pursued.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.

---

1. §§ 41–19–1 et seq., N.M.S.A.1953 (Repl.1972 and Supp.1975).